UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
December 13, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Michael Anthony James, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-22-703 |
| Kilolo Kijakazi, | § § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction*

    Michael Anthony James applied for and was denied supplemental social security income under Title XVI of the Social Security Act. After an administrative hearing before an ALJ, the Commissioner of Social Security determined that he was not disabled under the statute. The parties have cross-moved for summary judgment, and the central issue is whether the Commissioner's decision is supported by substantial evidence, including whether the agency fulfilled its obligation to develop the record. Finding that the ALJ failed to properly assist James in developing the record, remand is proper.

2. *Standard of Review*

    James has brought this action for judicial review of the Commissioner's final decision to deny him social security income.[1] This review is limited to determining whether substantial evidence in the record supports the Commissioner's decision — a level of proof sufficient for a reasonable mind to

---

[1] 42 U.S.C. § 405(g).

1

accept as adequate, which must be more than a scintilla but need not be a preponderance.[2]

3.  *Statutory Criteria*

The merits of a disability claim for supplemental security income are analyzed under a five-step evaluation process, wherein the Commissioner looks to whether: (1) the claimant is presently engaged in substantially gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals one listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantially gainful activity.[3]

In reviewing the record, the non-adversarial nature of these agency hearings imposes upon the ALJ the duty "to develop the facts fully and fairly and to probe conscientiously for all of the relevant information."[4] When the ALJ fails to adequately develop the facts, and that failure prejudiced the plaintiff, the agency's decision is not supported by substantial evidence.[5]

4.  *Discussion*

    A.  *Background*

On April 1, 2020, James applied for disability benefits, alleging disability beginning September 1, 2019. He claimed that he was disabled because of his "Back problem" and "High Blood Pressure."[6] James testified that he cannot work

---

[2] *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted)).

[3] 20 C.F.R. § 416.920(a)(4).

[4] *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015) (citations omitted).

[5] *Jones v. Astrue*, 691 F.3d 730 (5th Cir. 2012) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)).

[6] [Doc. 6] at 85–86.

any job because his spine and legs give him "so much chronic pain," and that the pain "radiates through [his] arms and legs."[7] After James's application was denied initially and on reconsideration, a hearing was held before an ALJ, who determined that he was not disabled.[8]

In finding that James was not disabled, the ALJ employed the five-step evaluation process. First, the judge found that James had not engaged in substantially gainful activity since his application date. Second, the judge found that James was severely impaired by: (a) cervical disc disease; (b) lumbar disc disease; and (c) obesity.[9] The judge found all other impairments in the record to be either non-severe or not medically determinable.[10] Third, the judge found that none of the severe impairments met one listed under the regulations.[11] Fourth, the judge determined that James had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 416.967(b), with some limitations.[12] Fifth, the judge determined that James, in light of his RFC, could successfully perform work that exists in significant numbers in the national economy.[13]

B. *Issues on Appeal*

In his appeal to this Court, James does not challenge the ALJ's findings with respect to any particular step of the evaluation process; rather, James takes

---

[7] *Id.* at 74–75.

[8] *Id.* at 23.

[9] *Id.* at 25.

[10] *Id.* at 26.

[11] *Id.*

[12] The ALJ imposed certain limits on James, who: can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; can have occasional exposure to vibration and unprotected heights; and can occasionally use moving machinery. *Id.*

[13] *Id.* at 28.

issue with the record itself.

James contends that documentation of his medical evidence and treatment records is bare, and the reason is because he had been unable to obtain many of these records prior to his hearing. After repeated failed attempts to get Elite Optimal Health Care to turn over treatment records related to his disabilities at issue, his attorney timely submitted a subpoena request with the hearing office, requesting the ALJ issue a subpoena to the facility for his records.

Despite this request ahead of the hearing, James claims that the ALJ made no efforts to obtain the record. He asserts that this inaction is legal error that robbed the ALJ's decision of facts sufficient to constitute substantial evidence.

5. *Development of the Record*

   A. *The Subpoena Request*

As provided in the federal regulations, the agency itself has the responsibility to develop the claimant's medical history, including making "every reasonable effort" to help the claimant get medical evidence from their medical sources and entities when given permission to request the reports.[14] Every reasonable effort means that the agency will make an initial request from the medical source and, if necessary, will later make a follow-up request.[15] Under applicable statutes and regulations, the ALJ has power to subpoena records as necessary.[16]

James submitted his subpoena request on August 2, 2021, and the hearing was on August 17, 2021.[17] As he observed, and the agency does not dispute, that the ALJ, in issuing his decision, never obtained the records listed in the subpoena request; in fact, there is no indication that the agency made any

---

[14] 20 C.F.R. § 416.912(b)(1).

[15] *Id.*

[16] 20 C.F.R. 404.950; 42 U.S.C. § 405(d).

[17] *See* [Doc. 6] at 70, 270–71.

efforts or otherwise acknowledged the request in any manner.

As a straightforward matter, the agency has failed to comply with its own regulatory guarantee. Various district courts have found dereliction of this duty even when the ALJ requested the medical reports but failed to enforce the subpoena.[18] If the ALJ's failure to follow up on its request falls short of the agency's duty to make "every reasonable effort," which this Court agrees that it does, a failure to even acknowledge the claimant's request is certainly also deficient.

In defense, the Commissioner argues that James did not mention the additional records at the hearing, and did not offer proof that the records actually existed. As to the first point, the agency cites no support for the proposition that its duty to make "every reasonable effort" following a claimant's written, unmistakable request is somehow lessened if the claimant does not also mention it at the administrative hearing. Its second point, that James must have proved that the records actually existed, is also without basis in law nor even intuition.[19]

### B. The Appeals Council

When the agency denies an application for benefits, the Commissioner's "final decision" does not only include the ALJ's actual decision; rather, a denial of review by the Appeals Council (AC) also constitutes part of that final decision.[20] When the claimant presents new evidence to the AC, the regulations

---

[18] Upon review, the particular issues have few parallels in this Circuit, while the Second Circuit has multiple very on-point cases. See, e.g., Emerick v. Saul, No. 19-CV-2826, 2020 WL 4504638, (E.D.N.Y. 2020); Harry o/b/o M.G.B. v. Comm'r of Soc. Sec., No. 19-CV-7180 (RRM), 2021 WL 3372811 (E.D.N.Y. 2021).

[19] The agency is unclear on how it would expect the claimant to offer proof that his medical records exist when, by the very nature of this request for agency assistance, he ostensibly does not have them.

[20] *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).

do not require the AC to provide a discussion of that evidence.[21] Nevertheless, when the new evidence is significant and the AC did not offer any discussion, a court cannot meaningfully review the AC's decision; when "no fact finder has made findings regarding" the new evidence, remand is appropriate.[22]

The Commissioner argues that the requested evidence was adequately considered by the AC. In rejecting James's request for appeal, wherein he submitted 23 pages of records he obtained from Elite Optimal Health Care subsequent to the ALJ's decision, the AC offered only, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision."[23]

This template, conclusory statement does not inspire any assurance that the agency's action was supported by substantial evidence. To the extent that the Commissioner argues that their consideration was sufficient in light of the AC's review, the argument fails because the dearth of actual analysis does little, if anything, in the substantial evidence inquiry.

### C.   Prejudice

The ALJ's failure to develop the record must also prejudice the plaintiff. To show prejudice, the claimant must demonstrate that they could and would have adduced evidence that might have altered the result.[24]

James has adequately demonstrated that he was prejudiced. Assessment of his pain tolerance is an important consideration in his RFC determination, and his subpoena suggests that the requested information about his pain management treatment certainly might have produced a fuller picture that might

---

[21] *Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015).

[22] *See id.* at 512–13 (finding that because the new evidence had not been addressed or resolved by a fact finder, the Circuit was unable to determine whether substantial evidence supported the agency's decision).

[23] [Doc. 6] at 2.

[24] *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000).

lead to a different result.[25]

6. *Sufficiency of the Considered Evidence*

James relatedly appears to argue, in addition to asserting that the ALJ's failure to develop the record constituted lack of substantial evidence, that in light of this failure, the record was bare and insufficient to make an informed decision. The Court need not decide this issue, as the agency's failure to even respond to the subpoena request is sufficient to warrant remand, and the ALJ will necessarily need to re-weigh the newly developed record upon remand.

7. *Conclusion*

The Commissioner's final decision denying Michael Anthony James's claim for disability benefits is not supported by substantial evidence, since the agency failed its regulatory duty to assist him in amassing his medical records. James will prevail on summary judgment, and this case will be remanded to the Commissioner of Social Security.

Signed on December __13__, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[25] [Doc. 6] at 270.